## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TODD LOPEZ, ESQ., as Guardian ad Litem for
A.R.O., a minor child, AMANDO ORTIZ, SR.,
individually, and Tanya Ortiz, individually,

      Plaintiffs,

v.                              No. 2:23-cv-0239 KRS/DLM

UNITED STATES OF AMERICA,

      Defendant.

## <u>SCHEDULING ORDER</u>

The Parties submitted a Joint Status Report. (Doc. 14.) Having reviewed the parties' Joint

Status Report, the Court sets the following pretrial deadlines.

**I.**    **Deadline to Amend or Join Parties**

The deadline for Plaintiff to amend the Complaint or join additional parties is **August 27,**

**2023**. The deadline for Defendants to amend the Answer or join additional parties is **September**

**25, 2023**.

**II.**    **Written Discovery and Depositions**

Each side may serve on any other party up to 30 interrogatories, 30 requests for admission,

and 30 requests for production. Responses shall be served within 30 days. Depositions shall be

limited to ten per *side*. Depositions are limited to seven hours for parties and experts; otherwise,

depositions are limited to four hours per witness. All Rule 30(b)(6) witnesses are considered to be

*one* witness, and the deposition(s) of any/all Rule 30(b)(6) witness(es) are limited to seven hours

in total. These limits may be extended by agreement among all counsel.

### III.    Expert Witnesses

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See Musser v. Gentiva Health Servs*., 356 F.3d 751, 756–57 (7th Cir. 2004); Fed. R. Civ. P. 26(a)(2)(B) & (C); D.N.M. LR-Civ. 26.3(b). Plaintiff shall identify to Defendant in writing any expert witness to be used by Plaintiff at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **October 25, 2023**. Defendant shall identify in writing any expert witness to be used at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **November 24, 2023**.

### IV.    Discovery Deadline

The termination date for discovery is **February 22, 2024**. Discovery shall not be reopened between these parties, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

### V.    Motions Deadlines

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed no later than **March 13, 2024**. Local Rule of Civil Procedure 7 provides motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the 20-day time limit in Local Rule of Civil Procedure 26.6.[1]

---

[1] Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions. The mere imminence of the 20-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute.

Pretrial motions, other than discovery motions, shall be filed no later than **March 25, 2024**.[2] Local Rule of Civil Procedure 7 shall also control their form and timing. Any pretrial motions, other than discovery motions, filed after the above dates may be considered untimely in the discretion of the Court.

Motion practice must be conducted in accordance with the local rules. In particular, the Court highlights Local Rule 7.4, which provides that response and reply deadlines "may be extended by agreement of all parties." D.N.M. LR-Civ. 7.4(a). "For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed." *Id.* "If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable [14-]day period." *Id.* Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.* If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.

The presiding judge will establish the trial schedule and associated deadlines.

**IT IS SO ORDERED.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the Local Rule 26.6 deadline.

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a deadline for motions in limine in a separate order.